UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBORAH KAVOURIAS, *as administratrix of the estate of Stephanie Kavourias*,

Plaintiff,

v.

TOWN OF GREENBURGH, *et al.*,

Defendants.

No. 25-CV-05225 (KMK)

OPINION & ORDER

---

Appearances:

Andrew C. Chan, Esq.
Grant & Longworth LLP
Dobbs Ferry, NY
*Counsel for Plaintiff*

Maritanna Isakov
Morris Duffy Alonso Faley & Pitcoff
New York, NY
*Counsel for Town of Greenburgh*

George Alissandratos, Esq.
Edward J. Phillips, Esq.
Keane & Beane, P.C.
White Plains, NY
*Counsel for Village of Scarsdale, Scarsdale Police Dep't*

Anthony George Piscionere, Esq.
Piscionere & Nemarow
Rye, NY
*Counsel for Ainsley Brown*

Svitlana Astakhova, Esq.
Gallo Vitucci Klar LLP
New York, NY
*Counsel for Antonio Robles Sanchez, M. Chavez Salazar*

KENNETH M. KARAS, United States District Judge:

Deborah Kavourias ("Plaintiff") brings this claim in her capacity as administrator of Stephanie Kavourias's estate against the Town of Greenburgh ("Greenburgh"), Village of Scarsdale and Scarsdale Police Department ("Scarsdale"), Ainsley Brown ("Brown"), Antonio Sanchez ("Sanchez"), and M. Chavez Salazar ("Salazar") (collectively, "Defendants"), alleging their negligence caused an accident resulting in Stephanie Kavourias's death.  Plaintiff originally sued in state court.  Defendants removed the case to federal court, invoking this court's federal question jurisdiction.  Because no federal question appears on the face of the Complaint and Plaintiff's "other papers" did not turn this case into a federal one, the Court remands this case to state court.

## I.  Background

### A.  Factual Background

The following facts are drawn from the Complaint and assumed true for the purposes of this Motion.  Stephanie Kavourias ("Kavourias"), a resident of Hartsdale, New York, was walking on a sidewalk under Greenburgh's control near East Hartsdale Avenue on August 26, 2023.  (Notice of Removal Ex. A ("Compl.") ¶¶ 8, 17, 54 (Dkt. No. 1).)  Plaintiff alleges the sidewalk's design "posed an unreasonable risk that motor vehicle traffic would be directed into pedestrian traffic."  (*Id.* ¶ 52.)

Earlier that day, Brown, an officer employed by the Scarsdale Police Department, had "responded to the scene of [a car] accident" in which Sanchez was one of the drivers involved. (*Id.* ¶ 34.)  At the time, Sanchez was driving Salazar's car with Salazar's permission.  (*Id.* ¶ 42.) Brown saw Sanchez's "impairment, disturbed mental state, erratic behavior, and dangerous conduct," but "refused to conduct any further investigation and decided to allow [Sanchez] to"

drive off on his own.  (*Id.* ¶ 35.)  Shortly thereafter, Sanchez drove down East Hartsdale Avenue and onto the sidewalk, striking and killing Kavourias.  (*Id.* ¶¶ 108–09.)

    B.  Procedural History

    Plaintiff filed her Complaint in New York Supreme Court, Westchester County, on August 1, 2024, asserting state-law claims against Greenburgh for negligently designing and maintaining the sidewalk; Scarsdale and Brown for negligently responding to Sanchez's earlier accident; Scarsdale for negligently hiring, training, and supervising Brown; Scarsdale for failing to comply with law enforcement and accident response standards; Sanchez for negligently driving Salazar's car; and Salazar for letting Sanchez drive it.  (Compl. ¶¶ 48–132.)  Greenburgh answered on August 29, 2024, and brought cross-claims for indemnification against the remaining Defendants.  (Notice of Removal Ex. B, at 2.)  Sanchez and Salazar answered on October 4, 2024, and asserted the same cross-claims.  (*Id.* at 28.)  Defendants moved to dismiss, and the state court denied their motions on February 27, 2025.[1]  (*Id.* at 35.)  Scarsdale and Brown then answered on March 19, 2025.  (*Id.* at 43, 64.)  Plaintiff served Defendants with her bill of particulars on May 23, 2025.  (Notice of Removal Ex. C, at 8.)  Scarsdale filed a Notice of Removal on June 23, 2025, contending the bill of particulars' proffered statutory authorization for one of its causes of action presented a federal question.  (Notice of Removal Ex. D, at 2.)  Plaintiff moved to remand on August 19, 2025.  (Mot. to Remand ("Mot.") (Dkt. No. 15).)  Scarsdale responded on September 8, 2025, and the remaining Defendants joined its response.  (Mem. of L. in Opp. re: Mot. to Remand ("Resp.") (Dkt. No. 17).)  Plaintiff replied on September 16, 2025.  (Reply Mem. Of L. in Supp. re: Mot. to Remand ("Reply") (Dkt. No. 21).

---

[1] The original document is dated February 27, 2024, but as this would have preceded the Complaint, the Court assumes 2025 is the correct year.

## II. Discussion

### A. Standard of Review

"'Federal courts are courts of limited jurisdiction' that 'possess only that power authorized by Constitution and statute.'" *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). After a case is removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Movant bears the burden of demonstrating that federal subject matter jurisdiction exists. *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003) ("On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." (quotation marks and citations omitted)). "Unless that burden is met, the case must be remanded back to state court. At [the motion to remand] stage . . . the party seeking remand is presumed to be entitled to it unless the removing party can demonstrate otherwise." *Id.* (quoting *Bellido-Sullivan v. Am. Int'l Grp., Inc.*, 123 F. Supp. 2d 161, 163 (S.D.N.Y. 2000) (quotation marks omitted)). In other words, "federal courts construe the removal statute narrowly, resolving any doubts against removability." *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 325 (S.D.N.Y. 2007) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)).

### B. Analysis

Defendants invoked this Court's federal question jurisdiction to remove this case. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). (*See* Notice of Removal 2.) Ordinarily, defendants have thirty days from the receipt of the initial pleading to file a notice of

4

removal.  28 U.S.C. § 1446(b)(1).  But where the initial pleading does not provide grounds for removal on its face, defendants have thirty days from the receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" to file a notice of removal.  28 U.S.C. § 1446(b)(3).

Here, Defendants removed the case within thirty days of receiving Plaintiff's bill of particulars, but well over thirty days from their receipt of the Complaint.  (*See* Notice of Removal 4.)  So, the question on which Plaintiff's Motion turns is whether her bill of particulars is an "other paper from which it may . . . be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

Count IV of the Complaint tees up this issue.  In Count IV, Plaintiff alleges Defendants "recklessly and willfully refused to implement the proper safety management controls [and accident response and driver impairment], procedures, customs, practices, trainings, and protocols required by federal and state laws, regulations, guidelines, and industry standards in order to lower their financial costs."  (Compl. ¶¶ 96–97.)  Plaintiff further alleges Defendants "had a custom and practice of willful and reckless disregard for public safety," and that the foregoing caused Kavourias's death.  (*Id.* ¶ 102.)  Accordingly, this reads like a standard state-law claim sounding in negligence *per se*—that is, that various standards (some of which included federal law) set a standard of care Defendants breached, causing injuries to Kavourias—which is a likely explanation for why Defendants did not remove the case thirty days after receiving the Complaint.[2]  (*See* Resp. 15 ("As pleaded, Plaintiff's Fourth Cause of Action is essentially an

---

[2] As pled, Count IV would not provide this Court with federal question jurisdiction because it reads as a state-law negligence *per se* claim with a passing reference to federal law, among other things, as setting the standard of care.  So resolving whether Defendants' conduct breached federal rules is not "'necessary' to [Plaintiff's] case," *Gunn v. Minton*, 568 U.S. 251, 258 (2013), and "the presence of the federal issue as an element of the state tort is not the kind of

alternative theory of relief based upon the same facts underlying her other negligence claims.").).)

But Plaintiff's bill of particulars, in response to Defendants' request for a statutory basis for this

claim, sharply and perplexingly changes tack by "assert[ing] that recovery against the Village

Defendants [*i.e.*, Scarsdale and its Police Department] is authorized pursuant to 42 U.S.C. §

1983, based on their deliberate indifference and failure to implement or enforce proper policies,

customs, or practices necessary to prevent constitutional violations[.]"  (Resp. 9.)

The Court begins by discussing what a bill of particulars does in state civil practice in

New York, and what it does not do.  A bill of particulars is a document that one party can

demand from another by "stating the items concerning which particulars are desired" regarding

some part of a pleading.  N.Y. C.P.L.R. § 3042; *see Di Lorenzo v. Ellison*, 495 N.Y.S.2d 198,

200 (App. Div. 1985) ("It is well settled that the object of a bill of particulars is to amplify the

pleadings, limit the proof and prevent surprise at trial."); Siegel, N.Y. Prac. § 238 (6th ed.)

(noting that a bill of particulars "supplies more detail than required in a pleading and, therefore,

affords the adverse party a more thorough picture of the claim or defense being particularized");

*id.* ("The bill is supposed to offer a more expansive statement of the pleader's contentions rather

than the evidentiary basis on which they rest.").

What a bill of particulars *cannot* do is add to, or substitute, the substantive claims in a

pleading—it can only supply more detail to a claim that has already been made.  *See Valentine v.*

*2147 Second Ave. LLC*, 165 N.Y.S.3d 43, 45 (App. Div. 2022) ("[T]he purpose of a bill of

---

adjudication for which jurisdiction would serve congressional purposes and the federal system," *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 814 (1986).  *See also Abdale v. N. Shore-Long Island Jewish Health Sys., Inc.*, No. 13–CV–1238, 2014 WL 2945741, at *3 (E.D.N.Y. June 30, 2014) ("[A] complaint that alleges negligence per se based on violations of state and federal law does not create a 'necessary' federal-law question because the negligence per se claim relies on alternative grounds for finding the presumption of negligence—i.e., violations of state or federal law." (quotation marks and citation omitted)).

particulars is to amplify pleadings, not add a new theory or cause of action."); *see also Abbotoy v. Kurss*, 860 N.Y.S.2d 364, 365 (App. Div. 2008) ("[A] bill of particulars is not a pleading, but just an expansion of one." (citation omitted)); *L.R. v. Evergreen Charter Sch.*, 223 N.Y.S.3d 187, 189–90 (App. Div. 2024) ("Here, having previously withdrawn 'any violations o[f] statutes and ordinances in the above captioned matter,' the plaintiffs, by asserting violations of statutes, ordinances, and regulations in the . . . bill of particulars, improperly added new allegations that had not been asserted in the complaint."); *White v. Diocese of Buffalo*, 30 N.Y.S.3d 780, 781 (App. Div. 2016) ("Furthermore, to the extent that plaintiff alleged such a theory in her bill of particulars, it is well established that the purpose of the bill of particulars is to amplify the pleadings, and it may not be used to supply allegations essential to a cause of action that was not pleaded in the complaint." (quotation marks and citations omitted, alterations adopted)); *St. Albans Beef Co. v. Aldridge*, 99 N.Y.S. 398, 805 (App. Div. 1906) (holding a bill of particulars cannot "change a cause of action stated in the complaint or [] state a cause of action other than the one there stated"). Where a bill of particulars *does* attempt to surreptitiously amend a complaint by adding allegations, New York state courts can strike the parts of the bill that do so. *See L.R.*, 223 N.Y.S.3d at 190.

The reason this case must remain in state court is therefore simple. Defendants agree the Complaint, on its face, does not bring a federal claim or contain a federal ingredient, though they contend it is "suggestive" of a federal claim—which is not enough to invoke this Court's jurisdiction. (Resp. 16; *see also id.* ("Although the Complaint does not allege the existence of a protected constitutional right . . ."); *supra* note 2.) And as explained above, the bill of particulars cannot convert one cause of action into another, *i.e.*, convert what seems to be a state-law negligence claim into a new § 1983 claim. So, if the original claim does not present a federal

7

question, and the bill of particulars could not transmute the cause of action underpinning that claim, then the bill of particulars here could not have turned what was otherwise a state claim into a federal one, and the Court remains without jurisdiction. *See Randall v. Maricopa Cnty.*, No. 12-CV-1076, 2012 WL 2929578, at \*3 (D. Ariz. July 18, 2012) ("Among the legal theories and potential claims listed in the Initial Disclosure Statement and other papers are causes of action under 42 U.S.C. § 1983. However, the fact that Plaintiffs provided notice of § 1983 as a legal theory in papers other than pleadings is not sufficient to establish federal question jurisdiction . . . because no question of federal law is necessary to any of the claims set forth in Plaintiffs' amended complaint."); Siegel, N.Y. Prac. § 238 (6th ed.) ("Technically a bill of particulars is not a pleading[.]"). Defendants' remedy, then, lies in moving the state court to strike any federal "allegations," such as they are, from Plaintiff's bill of particulars, rather than asking Plaintiff to amend it herself and removing the case when she failed to do so. (*See* Resp. 9–10.) *See, e.g.*, *Connelly v. Warner*, 670 N.Y.S.2d 293, 295 (App. Div. 1998) (holding a trial court "should have stricken [an] allegation from" plaintiff's bill of particulars because it went to a "separate cause of action" the complaint "d[id] not contain"). Or, if Plaintiff insists on asserting a § 1983 claim, she can move to amend her Complaint in state court to add that claim, and removal might then be appropriate.

Accordingly, it is no coincidence each case Defendants cite where a bill of particulars was deemed an "other paper" justifying removal was in the context of diversity jurisdiction, not federal question jurisdiction—that is, the bill of particulars made it clear that certain causes of action sought amounts above the amount-in-controversy requirement, and there is no dispute that certain "damages are the proper subject of a bill" of particulars, Siegel, N.Y. Prac. § 238 (6th ed.). *See, e.g.*, *Cappuccilli v. Cokinos*, No. 24-CV-3045, 2024 WL 3013604, at \*3 (E.D.N.Y.

June 14, 2024) ("Based on the allegations in the Bill of Particulars, the Court finds that Defendants have demonstrated to a reasonable probability that the claim is in excess of the statutory jurisdictional amount for removal purposes." (quotation marks and citation omitted)); *Canella v. Holiday Inns, Inc.*, No. 20-CV-4120, 2020 WL 5261220, at *2 (S.D.N.Y. Sept. 3, 2020) ("Thus, courts in this district have held that once the defendant received the bill of particulars, the amount in controversy was established, and the notice of removal is timely only if it was filed within thirty days of the bill's receipt." (citation omitted)); *Gordon v. Stop & Shop Supermarkets, Inc.*, No. 19-CV-10582, 2020 WL 3578151, at *1 (S.D.N.Y. July 1, 2020) ("A diversity case becomes removable when a Bill of Particulars listing damages reflects that the amount in controversy exceeds $75,000."); *Quinones v. Nat'l Amusements, Inc.*, No. 07-CV-663, 2007 WL 1522621, at *2 (S.D.N.Y. May 21, 2007) ("[T]he facts alleged in the bill of particulars . . . make plain that a finder of fact could easily find general damages that exceed $75,000.00.").

It is in general rare for an "other paper" to establish federal question jurisdiction and be the basis for removal of a case to federal court, because

> In the diversity context, for example, extrinsic documents and developments are far more likely to affect matters bearing directly on the existence of federal subject-matter jurisdiction, such as the citizenship of the parties, amounts in controversy, and real parties in interest. Thus, in diversity cases, there is arguably some justification for giving "other papers" a more capacious construction. In the federal-question context, however, extrinsic papers will rarely, if ever, affect the court's subject-matter jurisdiction, because the jurisdictional inquiry generally focuses on just one paper: the plaintiff's well-pleaded complaint. For this reason, the defendants' reliance on non-federal-question cases to argue for a more expansive interpretation of the term "other paper" in the context of this case is unavailing.

*Conn. v. McGraw Hill Cos., Inc.*, 2013 WL 1759864, at *4 n.6 (D. Conn. Apr. 24, 2013); *see also Bellido-Sullivan*, 123 F. Supp. 2d at 163 ("Absent diversity jurisdiction, removal is normally improper unless a federal question appears on the face of plaintiff's well-pleaded complaint.").
Courts accordingly find "the 'other paper' doctrine has little application in federal question

9

cases." *Dougherty v. Cerra*, 987 F. Supp. 2d 721, 729 (S.D.W. Va. 2013) (citation omitted); *see also Randall*, 2012 WL 2929578, at *3 ("In sum, federal [question] jurisdiction does not exist because no question of federal law is necessary to any of the claims set forth in Plaintiffs' amended complaint."). While Defendants are correct that "artful pleading" is one of the rare circumstances where an "other paper" can create federal question jurisdiction, *Dougherty*, 987 F. Supp. 2d at 729, that is the case where a plaintiff "omit[s] to plead necessary federal questions" in the complaint to "defeat removal," *Franchise Tax Bd. of State of Cal. v. Constr. Labs. Vacation Tr. for S. Cal.*, 463 U.S. 1, 22 (1984), and Count IV does not. (Resp. 17.) As explained *supra* note 2, no federal question is "necessary" to Count IV.[3]

This classic state-law negligence case is accordingly no exception from that general tendency. The proffered "other paper" here could not have changed the Complaint in a way that triggers this Court's jurisdiction. The Court therefore remands this Action to state court.

---

[3] It may well be the case that, as Defendants contend, "[c]ontrolling case law forecloses Plaintiff from asserting an ordinary negligence claim against the Village, and instead requires her to plead and prove the existence of a 'special duty.'" (Resp. 17.) If so, and if Plaintiff fails to establish a "special duty," then Plaintiff will lose on Count IV on the *merits* in state court. *See Nat'l Nutritional Foods Ass'n v. Food & Drug Admin.*, 504 F.2d 761, 772 (2d Cir. 1974) ("Petitioners' argument in the main confuses the question of jurisdiction with the merits.")

<u>III.  Conclusion</u>

For the reasons discussed herein, the Court grants Plaintiff's Motion to Remand.[4]  The Clerk of Court is respectfully directed to terminate the pending motion (Dkt. No. 15), remand this Action, and close this case.

SO ORDERED.

DATED:      March 5, 2026
            White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

[4] Counsel for Plaintiff is also ordered to submit a letter to the Court within 7 days explaining the basis for the Motion's citation to "*Walker v. Town of Hempstead*, 2007 WL 1201490 (E.D.N.Y. Apr. 23, 2007)," which, like Defendants, (*see* Resp. 14 n.2), this Court was unable to locate.  *See Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023) ("An attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system."); *Solloway v. Ellenbogen*, 121 F.R.D. 29, 30 (S.D.N.Y. 1988) ("Once . . . counsel signed and filed its pleading, the federal court acquired jurisdiction and retained jurisdiction, even after dismissal of the action, to decide [sanctions]." (citation omitted)).